**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES** | : | **CRIMINAL ACTION** |
| **of AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **TARIK HOOKS** | : | **No. 13-257** |

**MEMORANDUM**

PRATTER, J.                                                                     DECEMBER 27, 2016

Not for the first time, Defendant Tarik Hooks asks the Court to "correct [an] error" in his

presentence report, and deduct one point from his criminal history calculation.  This time, he

invokes Federal Rule of Criminal 36 as his basis for relief.  The Government opposes the motion,

noting that Mr. Hooks's motion, however styled, amounts to an impermissible second or

successive petition for *habeas* relief, that Mr. Hooks waived his right to pursue appeals or

collateral review when he accepted his guilty plea agreement, and that, in any case, there was no

error in calculating his criminal history category.  Because the Court agrees that the motion is, in

reality, nothing more than an attempt to file a second or successive *habeas* petition and that, even

if it were not, his appellate waiver in his guilty plea agreement bars Mr. Hooks's arguments, the

Court will deny the motion.

**BACKGROUND**

Tarik Hooks entered a guilty plea in open court on August 12, 2013, admitting his guilt

with respect to six (6) bank robberies and three (3) attempted bank robberies that were the

subjects of a grand jury indictment.  He entered his guilty plea in accordance with a written

agreement with the Government that had been negotiated on his behalf by his counsel who,

1

likewise, was with him when he entered his plea in open court.  The written plea agreement contains a broad appellate waiver which was orally reviewed with Mr. Hooks at the time of his plea hearing and before he actually entered his plea.  At that time Mr. Hooks acknowledged his assent to, and his awareness and understanding of, the terms of his agreement, including the scope of the appellate waiver.  At the sentencing hearing on December 17, 2013, Mr. Hooks raised several objections to the presentence report, some of which were accepted by the Court and some of which were not.  In particular, the Court denied Mr. Hooks's application for a formal downward departure that he sought based upon Mr. Hooks's argument that his criminal history was overstated or otherwise the product of aberrant behavior arising from a diminished mental capacity.  Though declining to depart downward, the Court did permit argument of diminished capacity as part of counsel's argument for a downward variance instead.  Concluding that, under the Sentencing Guidelines regimen, Mr. Hooks had a base offense level calculation of 25 and was properly in a Category V criminal history category, the Court determined Mr. Hooks had earned a 115-months incarceration sentence, which was in the mid-range of the 110-125 months Guidelines recommendation.

After sentencing, Mr. Hooks attempted to appeal, and the Third Circuit dismissed the appeal based on the appellate waiver in Mr. Hooks's plea agreement.  He then moved under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, arguing that his lawyer neglected to review the presentence investigation report with him, thus effectively losing for him the opportunity to make cogent objections to the report.  He also argued that his lawyer had failed to pursue an appeal following the sentence.  As part of the first argument, he took issue with the same criminal history calculation he challenges in the instant motion.  The Court denied the motion, and the Third Circuit denied Mr. Hooks's attempt to appeal that denial.  Mr. Hooks then

filed what the Court deemed to be an attempted second or successive *habeas* petition, again raising alleged errors in his presentence investigation report.  The Court dismissed that petition for lack of jurisdiction.

Now Mr. Hooks filed what he describes as a motion pursuant to Criminal Rule of Civil Procedure 36, arguing once again that an error in his presentence report led to an inflated criminal history calculation.  The Government opposes the motion.

## DISCUSSION

Mr. Hooks argues that his motion is brought to correct a "clerical" error under Federal Rule of Civil Procedure 36.  And, indeed, relief under Rule 36 is strictly limited to the correction of clerical errors.  "A clerical error involves a failure to accurately record a statement or action by the court or one of the parties."  *United States v. Bennett*, 423 F.3d 271, 277–78 (3d Cir. 2005) (quotation omitted).  In other words, "Rule 36 is normally used to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge."  *Id.* at 278.  The problem here lies in the fact that what Mr. Hooks seeks is not the correction of a "clerical" error. The error he identifies is one of substance – not an error in transcription but rather a substantive error in the calculation of his criminal history category.  Thus, Mr. Hooks cannot get the relief he seeks pursuant to Rule 36.

Without Rule 36 as a basis for relief, the Court is left to conclude that Mr. Hooks is once more attempting to file a second or successive *habeas* petition.  The Court previously found that these same complaints are the type appropriate to raise in such a petition (and, indeed, were the same or similar to complaints raised in Mr. Hooks's prior § 2255 petition).  *See* May 23, 2016 Order (Docket No. 43).  The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §§ 2241- 2266, provides that before a second or successive petition is filed in the district court,

3

the prisoner must first obtain permission to file in the district court from the circuit court, pursuant to 28 U.S.C. § 2244.  *See* 28 U.S.C. § 2255(h).  In the absence of such circuit permission, the district court lacks subject matter jurisdiction to consider a habeas corpus petition.  *Stewart v. Martinez-Villaeral*, 523 U.S. 637, 641 (1998); *Felker v. Turpin*, 518 U.S. 651, 657 (1996); *Benchoff v. Colleran*, 404 F.3d 812, 816 (3d Cir. 2005).  Mr. Hooks has not yet obtained such permission, and thus the Court has no jurisdiction to consider the issues he raises.

Moreover, even if the Court did have jurisdiction, Mr. Hooks's appellate waiver bars review.  The Third Circuit Court of Appeals has held that "[w]aivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice." *United States v. Khattak,* 273 F.3d 557, 563 (3d Cir. 2001).  Mr. Hooks has presented no argument here that his plea agreement was entered into involuntarily or unknowingly, and, indeed, the Third Circuit Court of Appeals already enforced the same appellate waiver against Mr. Hooks when it granted the Government's motion to enforce Mr. Hooks's appellate waiver and dismissed his original appeal.  *See United States v. Hooks*, No. 13-4833, (3d Cir. Oct. 29, 2014).  To the extent the waiver contains limited exceptions, none of those exceptions apply here, and Mr. Hooks has not argued, much less proven, that denying his motion would work a miscarriage of justice of the type contemplated by cases discussing appellate waivers.  *See, e.g., United States v. Castro*, 704 F.3d 125, 141–42 (3d Cir. 2013) (holding that "a district court's arguably erroneous calculation of a guidelines range is precisely the kind of 'garden variety' claim of error contemplated by an appellate waiver" and that therefore allowing such an error to go uncorrected would not be a miscarriage of justice) (internal quotation omitted).  Thus, even if the Court had jurisdiction to consider Mr. Hooks's arguments, it still would not reach the merits because the appellate waiver bars any consideration of them.

4

**CONCLUSION**

For the reasons discussed above, Mr. Hooks's Motion will be denied.  An appropriate

Order follows.

BY THE COURT:


  /s/ Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

5